E-filing

1  David M. Levin, SBN 193801
   Susun Kim, SBN 154437
2  BAY AREA LEGAL AID
   1025 Macdonald Avenue, P.O. Box 2289
3  Richmond, CA 94801
   Telephone: 510-233-9954
4  Facsimile: 510-236-6846
   Email: dlevin@baylegal.org
5

6  David Grabill, SBN 46758
   LAW OFFICE OF DAVID GRABILL
7  1930 Alderbrook Lane
   Santa Rosa, CA 95405
8  Telephone: 707-528-6839
   Facsimile: 707-780-1585
9  Email: dgrabill@gmail.com

10

11 Attorneys for Plaintiff THERESA HUERTA

12

13             UNITED STATES DISTRICT COURT

14             NORTHERN DISTRICT OF CALIFORNIA

15

16 THERESA HUERTA,                          ) Case No.
                                            ) C09-03130
17                                          )
                                            )
18                  Plaintiff,              ) COMPLAINT FOR PRELIMINARY
                                            ) AND PERMANENT INJUNCTIVE
19                                          ) RELIEF AND DAMAGES
                                            )
20           vs.                            )
                                            ) (Violation of Federal and State
21 BALWANT S. DENHOY, a.k.a. BILL S.        ) Fair Housing and Civil Rights Laws)
   DENHOY, and SUKHWANT K. DENHOY,          )
22 a.k.a. SUE DENHOY, a.k.a. NITA           )
   DENHOY, d.b.a. WILLOW PASS MOBILE        )
   HOME PARK, and DOES 1 THROUGH 10,        ) JURY TRIAL DEMANDED
   INCLUSIVE,                               )
                                            )
                                            )
                   Defendants.              )
                                            )
                                            )
                                            )
                                            )

FILED
JUL 10 2009
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

ADR

EDL

1    Plaintiff Theresa Huerta, for her Complaint, alleges as follows:

2

3                          **INTRODUCTORY STATEMENT**

4         1.      Plaintiff Theresa Huerta is a 52-year old single person who lives alone with

5    her dog Manny in a mobile home park in Concord, CA.  She suffers from depression and

6    post-traumatic stress since she was victimized in a brutal attack in January, 2007. These

7    and other health impairments have kept her from being employed since the attack.  The

8    defendant owners of the mobile home park recently told Ms. Huerta that her dog violated a

9    park rule, and threatened to evict her from the park where she has lived for 19 years unless

10   she got rid of the pet within seven days. Ms. Huerta asked the owners of the mobile home

11   park for permission to keep her dog as a reasonable accommodation for her disability, and

12   gave them a letter from her medical care providers supporting her request.  However,

13   Defendants summarily and immediately rejected Ms. Huerta's request for a reasonable

14   accommodation, and she is now threatened with eviction from her home.  She has no place

15   to move, and no funds with which to move.  She will very likely be homeless if she is

16   evicted.  Ms. Huerta brings this action to enforce her rights under state and federal fair

17   housing laws, and for injunctive relief and damages to prevent her from being evicted.

18

19                          **JURISDICTION AND VENUE**

20        2.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331

21   because it arises under 42 U.S.C. § 3601 et seq., and for redress of violations of Plaintiff's

22   rights under Federal Fair Housing Laws.

23        3.      Venue is proper in this Court under 28 U.S.C. § 1391 because the events at

24   issue occurred in this judicial district.

25        4.      A number of claims asserted herein allege violations of state law, and arise

26   out of the same transaction or series of transactions on which the federal claims are based,

27   and therefore this Court has supplemental jurisdiction over these state law claims.

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## INTRADISTRICT ASSIGNMENT

5.      The claims alleged herein arose in the County of Contra Costa. This action is properly assigned to either the Oakland or San Francisco Division of the United States District Court for the Northern District of California pursuant to Civil Local Rule 3-2(d).

## PARTIES

6.      Plaintiff Theresa Huerta has, at all times relevant herein, resided in Contra Costa County, California.

7.      Willow Pass Mobile Home Park is a fictitious business name under which Defendants Balwant S. and Sukhwant K. Denhoy operate a 63-unit mobile home park at 3466 Willow Pass Road, Concord, California in Contra Costa County.

8.      On information and belief, individual Defendants Balwant S. Denhoy (a.k.a. Bill S. Denhoy) and Sukhwant K. Denhoy (a.k.a. Sue Denhoy; a.k.a. Nita Denhoy) at all times relevant herein, have resided in Contra Costa County, State of California.

9.      Plaintiff is ignorant of the true names and capacities of the Defendants named herein as Does 1 through 10, and Plaintiff therefore sues these Defendants by their fictitious names.  Plaintiff will amend her complaint to allege the true names and capacities of these Doe Defendants when they have been ascertained.

10.     Plaintiff is informed and believes, and on that basis alleges, that each of the Defendants, including the Doe Defendants, is responsible for the occurrences herein alleged, and that Plaintiff's damages were proximately caused thereby.

11.     Plaintiff is informed and believes that each Defendant, including the Doe Defendants, was the agent or employee of each of the other Defendants, and in perpetrating the wrongful conduct detailed in this complaint, acted within the scope of such agency or employment, or ratified the acts of the other.

## STATEMENT OF FACTS

12.     Plaintiff Theresa Huerta purchased her mobile home and moved into the Willow Pass Mobile Home Park with her three children in approximately October, 1990.

Complaint for Injunctive Relief, Damages, and Jury Demand     - 3 -            Theresa Huerta v. Balwant S. Denhoy et al.

1  She lives in and pays rent on Space 48 under a written lease agreement dated and signed on

2  or about October 3, 1990. Ms. Huerta's children are now grown, and no longer live with

3  her.

4      13.    Defendants Balwant S. Denhoy (a.k.a. Bill S. Denhoy) and Sukhwant K.

5  Denhoy (a.k.a. Sue Denhoy; a.k.a. Nita Denhoy) are and have at all times relevant been the

6  owners of Willow Pass Mobile Home Park.

7      14.    Ms. Huerta was violently and brutally assaulted in February of 2007. She

8  suffers from post-traumatic stress disorder, depression, and other health impairments as

9  diagnosed by her healthcare providers as a result of the attack.

10     15.    Since her attack, Ms. Huerta has been under professional medical treatment

11  by psychiatric practitioners employed by Contra Costa County Health Services for multiple

12  mental health issues, including post-traumatic stress disorder and recurrent major

13  depression. Ms. Huerta's mental health impairments substantially limit her activities of

14  daily living and qualify her as a disabled person as defined in the Fair Housing Act (42

15  U.S.C. 3601 et seq.), and the California Fair Employment and Housing Act (Gov. Code §

16  12955 et seq.).

17     16.    Ms. Huerta worked over 13 years as a bilingual instructor for the Oakland

18  and Mount Diablo School Districts, but she has not been able to hold regular employment

19  since the February, 2007 attack.

20     17.    About ten years ago, Ms. Huerta acquired a mixed breed dog as a pet. The

21  dog weighed approximately 50 pounds and appeared to be a mix of Labrador, pit bull, and

22  possibly other breeds. The dog provided emotional support and companionship for Ms.

23  Huerta and gave her a sense of security after the February 2007 attack. The dog died in

24  late December, 2008, and its death was a serious emotional and psychological loss for Ms.

25  Huerta.

26     18.    In January 2009 Ms. Huerta sought a dog similar to her deceased pet that

27  would provide emotional support and help her to feel safe and secure in her home. She

28  located and acquired Manny, a mixed breed dog similar in size and appearance to her

deceased pet. This dog had recently been abandoned by its owner, and was hit by a car and

1   suffered a broken leg.  Ms. Huerta took Manny into her home, adopted him and nursed him
2   back to health.  Ms. Huerta has no information on the dog's parentage, but he appears to be
3   a hound and pit bull mix.  Manny has a very friendly disposition, is obedient to commands,
4   and has never exhibited aggressive behavior towards other people or other animals.

5       19.    Ms. Huerta has a strong emotional attachment to her dog.  Manny, like her
6   previous dog, serves an important therapeutic function in her life by relieving her
7   depression, anxiety, and post-traumatic stress.  The dog helps ameliorate the effects of her
8   mental and physical health impairments, and allows her to feel safe in her home.  Manny is
9   trained to bark and alert her whenever someone enters the fenced area of the mobile home
10  space which she rents.

11      20.    Ms. Huerta has recently assisted other residents of her mobile home park in
12  asserting their rights under California mobile home law.  She has also reported to
13  governmental agencies certain conditions in the park which appeared to violate health and
14  safety regulations.  After she recently testified in support of another resident in an unlawful
15  detainer action brought by the park, the attorney for the Defendants told Ms. Huerta that
16  "you're going to be next."

17      21.    On or about March 10, 2009, the managers of Willow Pass Mobile Home
18  Park sent Ms. Huerta a letter informing her that all dogs coming into the park must be
19  approved by the park.  This was the first notice Ms. Huerta had received from the park
20  regarding the presence of dogs in her home.  Prior to this letter, and throughout the ten-
21  year ownership of her previous dog, Ms. Huerta was not aware of any restrictions or
22  requirements on pets in the park.  Many other dogs appear to live with residents in the
23  park, including dogs which appear to be Rotweillers, German shepherds, and pit bulls.

24      22.    On or about May 6, 2009, Ms. Huerta received a letter from Defendants'
25  attorney asserting that Ms. Huerta was in violation of a Willow Pass Mobile Home Park
26  rule prohibiting residents from having certain breeds of dogs, including pit bulls.

27      23.    On May 12, 2009, through counsel, Ms. Huerta requested that the
28  Defendants waive any park rule which would prevent her from keeping her dog as a
    companion animal.  She specifically requested permission to keep her dog as a reasonable

1  accommodation under applicable fair housing laws so that she could continue to have her
2  dog live with her in the park.

3       24.    Accompanying Ms. Huerta's reasonable accommodation request was a
4  letter dated May 11, 2009 from medical care providers at Contra Costa Health Services
5  stating that "[h]er diagnoses are 309.81 – Post Traumatic Stress Disorder and 296.3 –
6  Major Depression, recurrent."  Ms. Huerta's medical care providers also explained that
7  "the presence and companionship of her dog allows her to feel safe in her home," and
8  "[o]ver the years [she] has found her dogs to be both beneficial and therapeutic to her
9  mental health."

10      25.    On May 13, 2009, Defendants served Ms. Huerta with a Seven-Day Notice
11 to cure or quit.  This Notice stated that Ms. Huerta possessed a prohibited pit bull or mixed
12 pit bull breed dog, and asserted that she could comply with the Notice "only by removing
13 the identified dog from Willow Pass Mobile Home Park."  The Notice also stated that
14 failure to comply would result in issuance of a 60-Day Notice to terminate her tenancy.

15      26.    On May 15, 2009, after issuance of the Seven-Day Notice, counsel for
16 Defendants wrote to counsel for Ms. Huerta and asserted that she had failed to make "a
17 threshold showing" of disability, and also asserted that her requested accommodation was
   not reasonable.

18      27.    On May 17, 2009, counsel for Ms. Huerta made a written request that
19 Defendants engage in the "interactive process" specified by HUD and the U.S. Department
20 of Justice, and proposed mediation under the auspices of either HUD or DFEH.

21      28.    On May 18, 2009, counsel for Defendants again wrote that Ms. Huerta did
22 not establish that she is disabled, and stated that "my client will not mediate this dispute."

23      29.    On May 21, 2009, Defendants served Ms. Huerta with a 60-day notice to
24 terminate possession of her mobile home based on alleged nonperformance of covenants.

25      30.    Ms. Huerta is otherwise entitled to continue her 19-year tenancy at the
26 Willow Pass Mobile Home Park.

27      31.    Defendants have failed and refused to engage in good faith in an interactive
28 process to consider Ms. Huerta's disability-related request for reasonable accommodation.

1   32.   Defendants' refusal to grant Plaintiff the reasonable accommodation which

2   she requested, and their service of notices terminating Plaintiff's tenancy at Willow Pass

3   Mobile Home Park has caused and continues to cause Plaintiff severe emotional distress

4   stress and suffering, and has aggravated her medical conditions.

5

6   **FIRST CAUSE OF ACTION**

7   **(Violation of Federal Fair Housing Act)**

8   33.   Plaintiff realleges and incorporates by reference each paragraph previously

9   alleged in this complaint.

10   34.   Defendants and each of them have unlawfully refused to grant the Plaintiff

11   a reasonable accommodation from their rules, policies, practices, or services, when such

12   accommodations are necessary to afford Ms. Huerta an equal opportunity to use and enjoy

13   her dwelling.

14   35.   Defendants have injured Ms. Huerta by committing discriminatory housing

15   practices in violation of the federal Fair Housing Act, 42 U.S.C. section 3601 et seq.

16   36.   The above-described acts and omissions of Defendants, and each of them,

17   violate Plaintiff's rights pursuant to 42 U.S.C. section 3601 et seq.

18   37.   As a direct and proximate result of the acts, omissions, and violations

19   alleged above, Plaintiff suffered damages in an amount to be proven at trial.

20   38.   As a direct and proximate result of the Defendants' acts, omissions and

21   violations described above, Plaintiff has suffered and continues to suffer irreparable loss

22   and injury including, but not limited to, severe emotional distress, fear of being homeless

23   or institutionalized, humiliation, anxiety and embarrassment, and deprivation of her right

24   to equal housing opportunities regardless of her disabilities.

25   39.   In engaging in the unlawful conduct described above, Defendants acted

26   intentionally and maliciously and with callous and reckless disregard of the rights of the

27   Plaintiff.

28   40.   Plaintiff also seeks preliminary and permanent injunctive relief to prevent

further harm as a result of Defendants' unlawful acts.

Complaint for Injunctive Relief, Damages, and Jury Demand   - 7 -        Theresa Huerta v. Balwant S. Denhoy et al.

1

## SECOND CAUSE OF ACTION

2

### [California Fair Employment and Housing Act]

3      41.      Plaintiff realleges and incorporates by reference each paragraph previously

4    alleged in this complaint.

5      42.      Defendants have injured Plaintiff by committing discriminatory housing

6    practices in violation of the California Fair Employment and Housing Act, California

7    Government Code section 12955, et seq.

8

## THIRD CAUSE OF ACTION

9

### [California Unruh Civil Rights Act]

10

11      43.      Plaintiff realleges and incorporates by reference each paragraph previously

12    alleged in this complaint.

13      44.      Defendants have injured Plaintiff by committing unlawful practices in

14    violation of the Unruh Civil Rights Act, California Civil Code section 51, et seq.

15      45.      Pursuant to the Unruh Civil Rights Act Plaintiff is entitled to statutory

16    damages, among other remedies, of up to three times actual damages as determined by a

17    trier of fact.

18

## FOURTH CAUSE OF ACTION

19

### [Disabled Persons Act]

20

21      46.      Plaintiff realleges and incorporates by reference each paragraph previously

22    alleged in this complaint.

23      47.      The Plaintiff's dog Manny is a "service dog" within the meaning of

    California Civil Code § 54.1(b)(6)(C)(iii).

24

25      48.      Defendants injured Plaintiff in violation of the Disabled Persons Act by

    committing the following unlawful housing practices:

26
            a.     Denying full and equal access to housing accommodations, in violation of

27
                   Civil Code § 54.1(b)(1); and,

28

Complaint for Injunctive Relief, Damages, and Jury Demand    - 8 -            Theresa Huerta v. Balwant S. Denhoy et al.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

b.      Refusing to make reasonable accommodations in rules, policies, practices, or services when those accommodations may be necessary to afford individuals with disabilities the equal opportunity to use and enjoy housing accommodations, in violation of California Civil Code § 54.1(b)(3)(B).

49.      Defendants injured Plaintiff in violation of California Civil Code Section 52.1 by interfering by threats, intimidation, or coercion, or attempts to interfere by threats, intimidation, or coercion, with the exercise or enjoyment by Plaintiff of laws of the United States and/or laws of California.

50.      Pursuant to Civil Code § 54.1, Plaintiff is entitled to statutory damages, among other remedies, of up to three times actual damages as determined by a trier of fact.

## FIFTH CAUSE OF ACTION

### Declaratory Judgment

51.      Plaintiff realleges and incorporates each paragraph previously alleged in this Complaint.

52.      An actual controversy has arisen and now exists between Plaintiff and Defendants concerning their respective rights and duties in that Plaintiff contends that the Defendants are required to allow Plaintiff to keep her dog as a reasonable accommodation for her disabilities, and Defendants cannot lawfully terminate Plaintiff's rental agreement on account of her keeping the dog.  Defendants disagree, and believe their actions were lawful.

53.      Plaintiff desires a judicial determination of the parties' rights and duties, and a declaration as to which parties' interpretation of the agreement is correct.

54.      A judicial declaration is necessary and appropriate at this time under the circumstances in order that Plaintiff may ascertain her rights and duties under the lease rental agreement.  She will be forced to move from the premises or be evicted if her interpretation of the agreements is not correct, and it will be extremely difficult for her to find other living arrangements where she can live.  Furthermore, Plaintiff is financially

1  unable to relocate her mobile home to a different location even if it were possible to move

2  the 37-year old home.

3

4                                    **PRAYER**

5           WHEREFORE, Plaintiff prays for judgment as follows:

6           1.       That Plaintiff be awarded damages according to proof, under Plaintiff's first

7   cause of action caused by Defendants' violation of Plaintiff's federal fair housing rights

8   pursuant to 42 U.S.C. §§ section 3601 et seq.;

9           2.       That Plaintiff be awarded damages according to proof, under Plaintiff's

10  second cause of action caused by Defendants' violation of Plaintiff's rights under

11  California Fair Employment and Housing Act, California Government Code §12955, et

12  seq.

13          3.       That Plaintiff be awarded damages according to proof, under Plaintiff's

14  third cause of action caused by Defendants' violation of Plaintiff's rights pursuant to the

15  Unruh Civil Rights Act, California Civil Code section 51, et seq.;

16          4.       That Plaintiff be awarded damages according to proof, under Plaintiff's

17  fourth cause of action caused by Defendants' violation of Civil Code § 54.1(b)(1);

18          5.       That the Plaintiff be awarded treble damages pursuant to Civil Code §52(a);

19          6.       That the Plaintiff be awarded a civil penalty of $25,000 pursuant to Civil

20  Code § 52(b)(2);

21          7.       That the Court impose a civil fine or penalty in an amount up to three times

22  greater than authorized by law or up to three times greater than the amount the Court

23  would otherwise impose because the acts of the Defendants alleged herein are within the

    scope of acts subject to an enhancement under Civil Code §3345;

24          8.       That the Court enter a Declaratory Judgment declaring that the Defendants

25  have violated the Plaintiff's rights by refusing to grant her the "reasonable accommodation"

26  which she requested, and by otherwise violating their obligations under state and federal

27  fair housing laws;

28

9.      That Plaintiff be awarded her costs of suit, including attorneys' fees incurred in bringing, prosecuting and maintaining this action under federal law, including pursuant to 42 U.S.C. § section 3601 et seq.;

10.     That Plaintiff be awarded such other and further relief as the Court deems just and proper;

11.     In accordance with Fed. R. Civ. P. Rule 38(b), and Northern District Local Rule 3-6, Plaintiff hereby demands a jury trial on all issues triable by jury.

Dated:  July 10, 2009

David M. Levin
Bay Area Legal Aid
For Plaintiff THERESA HUERTA

## VERIFICATION

I, Theresa Huerta, declare:

I am the Plaintiff in this action. I have read the foregoing Complaint and the contents thereof are true of my own knowledge, except as to the matters which are therein stated on information or belief, and as to those matters, I believe them to be true.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this Verification was executed July 10, 2009 at Concord, California.

Theresa Huerta

Complaint for Injunctive Relief, Damages, and Jury Demand      - 11 -                    Theresa Huerta v. Balwant S. Denhoy et al.